UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON RAMSEY, | No. 2:14-CV-01908-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| FAIRCHILD MEDICAL CENTER, SISKIYOU HOSPITAL, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

On December 4, 2015, the parties filed a stipulation to replace exhibit 5 to the declaration of Andrea L. Fellion in support of defendant's motion for summary judgment, and in the alternative, summary adjudication. ECF No. 32. In the alternative, the parties' stipulation requests the court seal exhibit 5 on the docket and allow the parties to file a redacted version of the exhibit. *Id.*

I.   BACKGROUND

Plaintiff Lavon Ramsey filed a complaint against Fairchild Medical Center on August 14, 2014, alleging age discrimination in violation of 29 U.S.C. § 621, *et seq.* and Cal. Gov't Code § 12900, *et seq.* ECF No. 1. After some discovery, defendant Siskiyou Hospital ("Siskiyou") filed a motion for summary judgment. ECF No. 21. In support of the motion for

1

summary judgment, Siskiyou filed a declaration from Andrea Fellion. ECF No. 25. Attached to the declaration was exhibit 5, which was the plaintiff's response to defendant's request for admission. ECF No. 25-5. Defendant inadvertently submitted exhibit 5 without redaction. *See* ECF No. 32. As a result, the parties agree exhibit 5 should be sealed, with defendant's filing of a minimally redacted version, redacting only the name of a person referenced in the exhibit and replacing it with "John Doe." *Id.*

II. DISCUSSION

The common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A litigant may request court records be sealed or redacted. *See id.* (listing traditional examples). In the Ninth Circuit, courts faced with requests to seal or redact begin "with a strong presumption favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Ordinarily, the party seeking to seal or redact a document "bears the burden of overcoming this strong presumption" by "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (quotation marks and alterations omitted).

Here, the parties ask the court to seal information connected to a person's medical records. The public interest in disclosure of a person's medical records is outweighed by the person's privacy interests. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 WL 89931, at *1 (N.D. Cal. Jan. 10, 2011) (*sua sponte* sealing confidential medical records presented in the context of a motion to dismiss). The request to seal exhibit 5 is granted.

III. CONCLUSION

The request to seal exhibit 5 is GRANTED. The Clerk of the Court is directed to seal the exhibit. The request to file a redacted version of exhibit 5 is GRANTED; a redacted

/////

/////

2

1 | version of the exhibit shall be filed within five days.
2 |         This order resolves ECF No. 32.
3 |         IT IS SO ORDERED.
4 | DATED: January 22, 2016.

                              UNITED STATES DISTRICT JUDGE